UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALEX L. HALE, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-167-GSL-JEM |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Alex L. Hale, a prisoner without a lawyer, filed a habeas petition challenging a disciplinary decision (WCC-24-5-2356) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of attempting to assault staff in violation of Indiana Department of Correction Offenses 111 and 117. Following a second rehearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Hale argues that he is entitled to habeas relief because correctional staff "failed to produce evidence," which the court construes as an argument that the administrative record lacked sufficient evidence to support a finding of guilt against him.[1]

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings

---

[1] The court also considered whether this claim would be more appropriately construed as a denial of a request for evidence claim. However, such a claim would also fail because the administrative record included each article of evidence requested by Hale for the second rehearing. ECF 5-4; ECF 5-5; ECF 5-9.

> of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which Sergeant Motshagen represented that, during a wellness check, Hale swung at him with a makeshift weapon multiple times. ECF 5-1. It includes corroborating statements from two other members of correctional staff. ECF 5-3, ECF 5-9. It also includes a photograph of the makeshift weapon. ECF 5-4. The conduct report, witness statements, and photograph constitute some evidence that Hale attempted to assault correctional staff. Therefore, the sufficiency of the evidence claim is not a basis for habeas relief.

Hale also argues that he is entitled to habeas relief because he did not receive hearing postponement forms as required by departmental policy. Hearing postponement forms are not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that

inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Additionally, Hale argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. He contends that he should have been assigned a fellow inmate as a lay advocate rather than Officer Fike, the hearing officer who found him guilty in the first rehearing in November 2024. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992).

To Hale's point, the assignment of Officer Fike as Hale's lay advocate strikes the court as odd given Officer Fike's prior finding of guilt in the same disciplinary case. However, "the full panoply of rights due a defendant in [criminal] proceedings does not apply [to prison disciplinary proceedings]," and the role of a lay advocate is much more limited than that of trial counsel. *Wolff v. McDonnell*, 418 U.S. 539, 556, 570 (1974). Hale's filings and his administrative appeal demonstrate his literacy, and the disciplinary charge was not particularly complex. ECF 1, ECF 5-1; ECF 5-12. Consequently, Hale was not constitutionally entitled to any assistance from a lay advocate. Nor does Hale offer any explanation as to how the lack of adequate assistance affected the outcome of the hearing. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie*, 344 F.3d at 677 (same). Therefore,

3

the argument that Hale did not receive adequate assistance from a lay advocate is not a basis for habeas relief.

Because Hale has not asserted a valid claim for habeas relief, the habeas petition is denied. If Hale wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Alex L. Hale leave to proceed in forma pauperis on appeal.

SO ORDERED on June 24, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT